

FILED
AUG 1 8 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    )   Case No. 05-23949-C-7
                                         )
Roger Zamora,                            )   DC No. JKB-1
                                         )
            Debtor.                      )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on April 6, 2005.  Debtor scheduled real property commonly known as 4714 Autumn Rose, Fairfield, California, as an asset of the estate.  The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and



above that exempted by debtor. The court notes that the debtor received a discharge from all dischargeable debts on July 14, 2005.

On July 14, 2005, Wilshire Credit Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon and sell the real property. The value of the real property is approximately $640,000. The motion and declaration establish that the debtor owes the movant approximately $130,613.01. The total of other liens against the property is approximately $490,000. Additionally, the court notes that movant's break down of the amount debtor allegedly owes includes bankruptcy attorney fees in the amount of $700.00.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

Because the debtor was granted a discharge, the motion for relief from the automatic stay as to the debtors is moot. Thus, the motion will be denied.

The motion will be granted as to the trustee because the trustee filed a no asset report.

Additionally, in light of the fact that movant's motion was unnecessary, the court denies movant any attorney's fees

```
 1  and costs incurred in connection with the instant motion.  As a
 2  consequence, the debtor is deemed to be the prevailing party
 3  for purposes of California Civil Code § 1717.
 4       An appropriate order will issue.
 5       Dated: August 18, 2005
 6                              _____
 7                              UNITED STATES BANKRUPTCY JUDGE
```

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Roger Zamora
4714 Autumn Rose Court
Fairfield, CA 94534

Jason Bedell
15760 Ventura Boulevard #1100
Encino, CA 91436

Kenneth Sanders
P.O. Box 214205
Sacramento, CA 95821

Wilshire Credit Corporation
360 E. Second Street, Suite 703
Los Angeles, CA 90012

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 8/22/05

_____
Deputy Clerk